UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MANSA MUSA EL                                    CIVIL ACTION

v.                                               NO. 21-968

UNITED STATES OF AMERICA                         SECTION "F"


ORDER AND REASONS

Before the Court is the defendant's motion to dismiss for
lack of subject matter jurisdiction or, alternatively, for failure
to state a claim.  For the reasons that follow, the motion is
GRANTED.

**Background**

Devoid of any facts and styled as a "Notice of Removal
(Exercise of Constitutional – Treaty Secured Right)," Mansa Musa
El filed this lawsuit against the United States.  What the Clerk's
Office generously construed as a "complaint" consists of 74 pages
and is accompanied by almost 200 pages' worth of attachments.[1]
Virtually none of the plaintiff's assertions are comprehensible,
nor do any shed any light on any basis for suing the United States.

---

[1] Nearly every other page of the "complaint" is a blank page
containing 2 cent stamps and what appears to be a red finger or
thumb print with "Mansa Musa El" written across the stamp.

1

Each page of each document contains a seemingly random assortment of citations to statutes (such as the Uniform Commercial Code), purported treaties and United Nations' materials, copyrights, trusts, mention of the "temple of the moon and sun," "I.S.L.A.M.," references to the "Moroccan Empire" as well as slavery and the Civil War, and invocation of random legal principles ("res judicata – stare decisis") as well as case citations without explanation and divorced from any context or facts or suggestion as to how these purported legal authorities apply to the plaintiff's circumstances or purported right to relief against the United States.

For example, on page 11 of the "complaint," a "private domicile" is referenced, specifically, 3711 Saint Charles Avenue, which is described as "'other property' on Moroccan soil [which] is a 'foreign state' [or] fee simple held in allodium by 2018 Ascension de la Matriarca – Vast Estate Pure Express Trust – concurrent with de jure allodial freeholder Mansa Musa El" and reference to "land records." The Court is left to speculate as to whether the plaintiff purports to claims a property interest in this property or is simply referring to a property best known as formerly owned by author Ann Rice. If this referenced property is the object of the lawsuit, there is nothing linking it or the plaintiff to the United States as defendant. Later in the

"complaint," embedded among seemingly inapplicable and inaccurate legal jargon, the plaintiff again alludes to property:

> I am putting into port requesting aid and assistance to enforce my decision enabling me to be put in immediate possession of property seisin in law.  Additionally, in accordance with [Louisiana law] I have used extraordinary diligence to cause a 'Notice of Seizure' to be served upon the last known juridical person."

Quite distinct from any alleged property claim, at least once, the plaintiff refers to being "abducted on 1/1/19[.]"  At least twice, the plaintiff references the Federal Tort Claims Act and suggests that he seeks to enable his free exercise of religion and his "pursuit of happiness at Morocco."  He further invokes the Zodiac Constitution as he writes:

> My spirit came through the East gate of Aries, I am a Gemini Sun sign, Sagittarius rising, and a Capricorn Moon, I am the son of Allah and the spirit from the breath of God. I declare under the Zodiac Constitution and the United States Republic Constitution of 1791 that the information contained herein to be true and correct to the best of my knowledge and honourable intent. By special appearance, in honor the Divine being, Mansa Musa El, affirms that he is the natural person herein named, existing in his own proper person; meeting the 'law of evidence' as required and defined in 'identity'; affirmed by lawful substantive right; by birthright and respectfully acknowledged – being duly commissioned to execute this document. I certify this and place my hand and "absolute seal" thereto.

He then signs the document construed as a complaint "without prejudice" and refers to himself as "Divine being manifest in human

flesh: free white person – de jure allodial freeholder[,]" listing a Palo Alto Post Office Box as his address; a notary public in San Mateo County, California purports to witness and seal the document.[2]  The United States now moves to dismiss the complaint for lack of subject matter jurisdiction or, alternatively, for failure to state a claim.

I.

*A.*

The subject matter jurisdiction of federal courts is limited. Kokkonen v. Guardina Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Indeed, "[i]t is to be presumed that a cause lies outside this limited jurisdiction," the Supreme Court has observed, "and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Id. (citations omitted); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)("[t]he intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."); King v. U.S. Dep't of Veterans Affairs, 728 F.3d 410, 416 (5th Cir. 2013); Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

Rule 12(b)(1) requires dismissal of an action if the Court lacks jurisdiction over the subject matter of the plaintiff's

---

[2] The attachments to the "complaint" refer to the Moorish people's sovereignty and to Mansa Musa El as a "Moorish American National."

claim.   There are two types of Rule 12(b)(1) motions: "facial attack" and a "factual attack" on a complaint under Rule 12(b)(1). See Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).  If the defendant presents a "facial attack" under Rule 12(b)(1), the Court need only look to the sufficiency of the allegations in the complaint, presumed to be true.   If, on the other hand, the defendants advance a "factual attack" on the Court's subject matter jurisdiction, both sides may submit evidence to consider.   Thus, the Court may find a plausible set of facts to support subject matter jurisdiction by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

*B.*

Seeking dismissal under Rule 12(b)(1), the United States submits that the plaintiff alleges no discernible predicate for subject matter jurisdiction and that there is no discernible statute conferring jurisdiction or unequivocally waiving its sovereign immunity from suit.   The Court agrees.

Mansa Musa El must show that the Court has subject matter jurisdiction.   He fails to do so.   Looking to the complaint, the

plaintiff fails to satisfy his pleading obligation for subject matter jurisdiction. Nor can the Court discern from any of his voluminous and incomprehensible papers what sort of claim he seeks to assert in order to determine whether the Court might have subject matter jurisdiction over such a claim and whether the United States has unequivocally waived its sovereign immunity from suit.

Although the plaintiff references the Federal Tort Claims Act (among many other unrelated statutes and purported treaties, Louisiana state statutes, and Latin legal phrases), he does so at random.  No facts are alleged or can be discerned which would support a tort theory of recovery against the United States.[3]  The only alleged facts that appear at all relevant to Mansa Musa El and the United States is his claim that the United States owes him more than $500 million.[4]

The "Memorandum" and "Counter Affidavit" Mansa Musa El submits seemingly in response to the United States' motion to dismiss are as baffling as his "complaint" and shed no light on

---

[3] Even his reference to being "abducted" is devoid of supporting factual allegations.

[4] Pursuant to Louisiana law and some purported treaty, he seeks "as of 12/16/2020 the ('Notice of Claim') prior overdue claim sum certain" in the amount of $586,146,600.00, which he seeks in the form of a treasury check payable to him as "a legal obligation on the United States."  The source of this amount or why or how the United States would owe such amount to him or anyone is anybody's guess.

any subject matter jurisdictional predicate nor any apparent claim or right to recovery against the United States. Finding no discernible predicate for subject matter jurisdiction or waiver of sovereign immunity, the "complaint" must be dismissed.

## II.

### *A.*

If there is or could be some discernible jurisdictional predicate for his claim, the United States alternatively submits that dismissal is warranted because the plaintiff fails to state any plausible claim upon which relief may be granted. Where, as here, the legal predicate for recovery is as imperceptible as any potential jurisdictional predicate, that no plausible claim can be discerned is unsurprising.

The standard of review applicable to motions to dismiss under Rule 12(b)(1) resembles that applicable to motions to dismiss under Rule 12(b)(6). See Williams v. Wynne, 533 F.3d 360, 364-65 n.2 (5th Cir. 2008)(observing that the Rule 12(b)(1) and Rule 12(b)(6) standards are similar, but noting that applying the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in resolving the motion).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely

granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603

(5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as

other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).  If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56.  See Fed. R. Civ. P. 12(d).

*B.*

Seeking dismissal for failure to state a claim, the United States contends that the plaintiff's complaint contains rambling legal assertions and fails to describe a specific tort or constitutional violation and thus fails to state a claim for relief that is plausible on its face.  Again, the Court agrees.

Insofar as Mansa Musa El advances a sovereign citizen theory (that state and federal governments lack constitutional legitimacy and therefore lack authority to regulate a sovereign's behavior to, say, collect a debt),[5] such theories have been uniformly

---

[5] See United States v. Weast, 811 F.3d 743, 746 n.5 (5th Cir.), cert. denied, 137 S. Ct. 126 (2016)("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings."); see also El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537 (D.N.J. 2011)(explaining the myth of

rejected, summarily, as frivolous.  See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992); El Ameen Bey, 825 F. Supp. 2d at 560.

The Court need look no further than the plaintiff's random, nonsensical ramblings in his "complaint" to decide that no discernible, much less plausible, claim for relief is stated.  His response to the defendant's motion to dismiss is equally baffling; the plaintiff offers no facts that the Court might accept as true in order to determine whether any legal theory supports a plausible claim for relief.  Any claim that he is immune from incurring debt or that the United States owes him some $500 million under a sovereign citizen theory is patently frivolous.

IT IS ORDERED that the defendant's motion to dismiss is GRANTED.  The plaintiff's claims are hereby dismissed.  Considering the plaintiff's voluminous, incomprehensible, and frivolous filings, the Court declines to waste any additional judicial resources on this matter.  Future filings by Mansa Musa El shall

---

the "Moorish Movement" and other similar fictions such as "sovereign citizens" and their motives); see also The King/Morocco v. University of Houston, No. 19-10772, 2019 WL 5860746, at * (E.D. La. Nov. 8, 2019)(Feldman, J.)(affirming magistrate judge's order dismissing with prejudice claims advanced under a sovereign citizen theory).

be met with escalating sanctions including monetary sanctions, striking pleadings, and filing restrictions.

New Orleans, Louisiana, September 13, 2021

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE